[No. 20163.  Department One.  December 20, 1926.]

WM. P. WEST et al., Respondents, v. G. J. FISHER et al., Appellants.[1]

[1] APPEAL (287)—STATEMENT OF FACTS—TIME OF FILING. A motion to strike a statement of facts because not filed in time will be denied where it was filed within the time fixed by an order extending the time, which recited that it was made on due notice and for good cause shown.

[2] FRAUD (22)—ACTION—EVIDENCE—SUFFICIENCY. Findings that an agent purchased the property of his principal and made a secret profit for which he must account are not sustained where the preponderance of evidence is that he merely made a resale at an advance to a person who was not a prospect and had no knowledge of or negotiations for the property until after the agent had become the owner.

Appeal from a judgment of the superior court for Pierce county, Teats, J., entered May 18, 1926, upon findings in favor of the plaintiffs, in an action for fraud, tried to the court. Reversed.

*Burkey & Burkey,* for appellants.
*Ralph Woods,* for respondents.

MITCHELL, J.—This is an action for damages on account of alleged misrepresentations in a real estate sale or trade, and to recover secret profits alleged to have been obtained by the defendants as agents in disposing of respondents' property. The defendants have appealed from a judgment against them.

[1] Respondents have moved that the statement of facts be stricken, because not filed within time and no proper extension granted. The judgment was entered May 18, 1926. More than thirty days thereafter, but within ninety days, an order was made and entered extending the time not beyond ninety days from date

[1]Reported in 251 Pac. 577.

of the judgment within which to serve and file the statement of facts, and reciting in the order that respondents' attorney had notice of the application and appeared at the hearing of it, and that the extension was granted upon good cause shown. The record further shows that the statement of facts was served and filed within the time limited in the order and within ninety days from the date of the judgment. The motion to strike the statement of facts is denied.

The appellants were salesmen in a real estate brokerage firm in Tacoma. About February 1, 1925, the respondents listed their property with the firm for sale at two thousand dollars. They were induced to convey their property to one of the appellants in consideration of one thousand four hundred dollars cash and an equity, as it was called, to the amount of five hundred dollars in another piece of property upon which there was an outstanding mortgage, making the price of respondents' property one thousand nine hundred dollars. Of the cash payment, the respondents received only one thousand three hundred dollars, one hundred dollars being withheld by the appellants as commission they claimed they were entitled to. In the course of a few months, the respondents received seventy-five dollars out of the so-called equity, at which time the mortgage on that property was commenced to be foreclosed. Then this action was commenced.

Upon the trial without a jury, findings of fact, conclusions of law and judgment were entered for the plaintiffs. Upon the first branch of the case, namely, fraud, misrepresentations and deception practiced by the appellants with reference to the land in which appellants had traded the equity, the court found that material representations made by the appellants of that property were false, and known to be false, and

were made with intent to deceive, and that they did deceive the respondents, and that the property was not worth to exceed the amount of the mortgage against it. While the evidence in this respect is not free from conflict, we are satisfied, upon considering all of it, that it preponderates as the court found. On this feature of the case, the trial court entered a conclusion in favor of the respondents, and judgment accordingly, in the sum of four hundred twenty-five dollars—five hundred dollars less seventy-five dollars—which must be approved.

[2] As to the charge in the complaint and the finding of the court that the appellants, as agents of the respondents, made a secret profit of seven hundred dollars, the evidence is insufficient. On February 15, 1925, respondents entered into a written contract dated February 14, 1925, to sell their land to the appellants, using their employers' name, for an agreed and express consideration promised to be paid by the appellants upon being furnished an abstract showing good title. The contract was signed by both parties. On February 28, 1925, the respondents conveyed the property to one of the appellants for the consideration expressed in the former contract between them and delivered possession of the property to the appellants. Some days prior to that conveyance, one Leonard, who had some months earlier placed certain of his real property with appellants' employers for sale, became interested in the respondents' property, at the instance of appellants. It appears an understanding was reached between the appellants and Leonard by which he was to buy the West property. On the same day that appellants took the deed of conveyance from respondents, they delivered possession of that land to Leonard, although the respondents, by permission,

continued to reside on the place for about two weeks. On or about March 6, the appellants conveyed the property they got from respondents to Leonard, who at the same time conveyed his property to the appellants. The appellants made a profit out of the respondents' property. The question is, was that a secret profit for which the appellants must account to the respondents. In considering the question, it must be kept in mind that an agent has the right to purchase from his principal property held for sale by him as agent. So that the answer to the question in the case must be found by determining, according to the burden of proof, whether or not appellants had an understanding with Leonard, at or prior to the time the Wests agreed to sell to the appellants, by which Leonard was to take the West property. That the profit was a secret one was the allegation of the respondents, who must establish it by a fair preponderance of the evidence.

The trial court found that the appellants' dealings with the respondents and their dealings with Leonard were "about the same time" and while that is true as we understand the record it is not sufficient. There is nothing uncertain about the dates of important transactions between respondents and appellants. By a written contract dated February 14, signed February 15, the respondents agreed to sell, and appellants agreed to buy, the respondents' property. The deed of the property was acknowledged and delivered on February 28, and on that date the property was delivered into the possession of Leonard by the appellants. The only witnesses, who testified as to the controlling dates of the transactions with Leonard, were Leonard and respondent Yantis. Leonard testified that he made his deal through Yantis, that he talked with him only once before February 28, "I don't know whether a couple of weeks before or not", and said

further that, at that time, upon Yantis fixing the price on the West place, he, Leonard, stated that he had seen the place advertised for a less price "about two weeks ago", and that Yantis replied that at that time it belonged to another person. He further testified that he dealt with Yantis only in purchasing the West property. Yantis, who conducted the deal with Leonard, testified that he never saw the West property until February 22, that on February 25 he made an appointment for the 26th with Leonard to take him out to see the property, that he took him out to see it on the 26th, agreed on terms, and that Leonard delivered the abstract of his own property to Yantis on the 27th. He further testified:

"Q. Did you have Leonard in mind as a possible purchaser or one to whom this property could be traded at the time this original agreement to purchase it from West was entered into? A. Didn't know the property; didn't know anything about it. I had never seen it; people come in with listings pretty fast, and it is impossible to see all the property that is listed."

He further stated that the first time he spoke to Leonard about the West property was on February 25.

Under this record, we think it must be held that the respondents have not sustained the burden of proof under the allegation of secret profit.

While the name of one of the appellants was not mentioned in any of the written instruments referred to in this opinion, it satisfactorily appears that both were interested in all that each did with respect to the transactions involved, and hence their names have been used jointly in our discussion of the case.

Reversed, and remanded with directions to the lower court to correct the judgment according to the views herein expressed.

TOLMAN, C. J., MAIN, and FULLERTON, JJ., concur.